Smith, J.
A motion is filed to dismiss the petition in error in this case on the ground that it is not prosecuted by leave of this court or of a judge thereof.
The original action in the court of common pleas was under chap. 3, Div. 7, Title 12, Rev. Stat., for the appropriation by the Village of Norwood of the property of the defendant in error to public use. Section 2259, of the Revised Statutes, which appears in that chapter, provides that in such cases the corporation shall have no right to appeal, nor shall it prosecute error except upon leave of the reviewing court or a judge thereof. No such leave was procured, and the motion seems to be well taken.
At the hearing, however, counsel for the village applied for such leave, and if on the record it appears to us that error has intervened in the rendition of the judgment complained of, such leave should be granted, as the judgment complained of was rendered December 30,1893, and the six months given for the prosecution of error has not elapsed.
The proceeding in the common pleas was commenced October 20, 1892. Trial was had April 1, 1893, and a verdict *196 rendered assessing to the owners of the land compensation therefor — and on that day the verdict was confirmed by the judgment of the court, and an entry made in accordance with the statute that the corporation on payment of the amount by the jury within six months from that day, should be entitled to the possession of said real estate for purpose for which it had been appropriated. This was not done, and under the provisions of section 2260, Rev. Stat., as it stood at the commencement'of the suit, and when this judgment was entered (April 1, 1893), the right of the corporation to take the land ceased and determined, and the judgment of the court except as to the costs in the case, adjudged against the corporation, which was to stand, ceased to be of any effect.
On April 20,1893, 90 O. L. 204, the legislature amended section 2260, Rev. Stat., by adding to the end thereof this additional language, to that before used, providing for the effect of the failure by the corporation to pay the condemnation, viz : “ And upon motion of any defendant said costs shall be re-taxed, and a reasonable attorney’s fee to be paid to the attorney of such defendant, together with any other reasonable and proper expense incurred by defendant, in an amount to be then fixed by the court, shall be added to and included in said costs as a part thereof, to be collected by execution or otherwise, in the same manner as though originally so taxed.” The original section was then repealed, and the act was to take effect and be in .force from and after its passage, but there was no provision that the section so amended should apply to pending actions.
On December 30, 1893, the motions to re-tax the costs and allow áttorney’s fees in the case came on for hearing, and evidence was taken, and the court allowed to counsel for defendants $300.00 as attorney’s fees, and $16.00 to an agent of defendants for expenses; and ordered that said sums be taxed as costs in the case. The corporation excepted, and a bill of exceptions containing all the evidence submitted on the mo *197 tion was allowed, and the question is, was the action of the court right?
Wm. E. Bundy, for plaintiff in error.

Oliver B. Jones, John P. Murphy and John Nichols, contra.

No claim is made that if any allowance was proper in the case, that that made by the court was too great. The claim is that the amended section does not apply to this case.
Section 79, Rev. Stat., which has been in force for many years, provides that: “ Whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions or proceedings, civil or criminal. And when the repeal or amendment relates to the remedy, it shall not affect the pending actions, prosecutions or proceedings, unless so expressed.” At the time of the commencement of this action, and even down to its termination, by the failure of the corporation to comply with the order of the court, there was no statute or law of any kind which gave the right to a defendant in such a proceeding to have his attorney’s fees paid, if the corporation did not take and pay for the property. How, after the termination of the suit, particularly in view of the language of section 79, which must be read in connection with the other, could the legislature confer such a right on a defendant as to a past transaction to the prejudice of the corporation ? And if it be said that the amendment relates only to the remedy, it is a sufficient answer to say that the legislature has not made the section apply to pending actions (if this was one), as it might have done. Not having done so, it must be conclusively presumed that it was prospective in its operation, affecting only those actions thereafter to be brought under it, and leaving the old section in force as to actions then pending.